IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMONE BRADSHAW | : | CIVIL ACTION |
| v. | : | |
| PENNSYLVANIA STATE UNIVERSITY | : | NO. 10-4839 |

**MEMORANDUM**

Fullam, Sr. J.                                                                 April 5, 2011

      The plaintiff, a former law student, has sued Pennsylvania State University challenging her dismissal from The Dickinson School of Law.  Although not a model of clarity and distinctly lacking in detail, the complaint reasonably can be read to allege claims of breach of contract, unjust enrichment, and deprivation of a property interest without due process of law in violation of 42 U.S.C. § 1983.  The defendant has filed a motion to dismiss.

      The defendant first argues that the plaintiff has not alleged sufficiently that Pennsylvania State University is a state actor for purposes of § 1983, but the Third Circuit has held that it is "clearly establishe[d]" that the university is a state actor.  Am. Future Sys., Inc. v. Pa. State Univ., 752 F.2d 854, 861 n. 24 (3d Cir. 1984); see also Nicholas v. Pa. State Univ., 227 F.3d 133 (3d Cir. 2000) (discussing § 1983 claims brought by former professor against Pennsylvania State University).  Dismissal is not warranted on this basis.

Where the university is a state actor, the courts have assumed that a student may have a liberty or property interest in her education such that she may challenge an academic dismissal that fails to comply with procedural or substantive due process. See Regents of the Univ. of Mich. v. Ewing, 474 U.S. 214 (1985). The plaintiff in this case has not alleged a valid cause of action under either theory.

The complaint alleges that the plaintiff was not allowed to have representation at her dismissal hearing, was not given adequate notice of alleged deficient performance, was not evaluated by her professors as required by the student handbook, and that a dean who had engaged in "confidential conversations" with the plaintiff should not have presided at the hearing. But none of these alleged deficiencies is sufficient to state a procedural due process claim in the context of an academic dismissal. See Bd. of Curators of the Univ. of Mo. v. Horowitz, 435 U.S. 78, 91 (1978) (holding that no hearing is required as a matter of procedural due process in an academic dismissal case).

The plaintiff attached to the complaint a letter from the Associate Dean explaining that the plaintiff was notified that she had failed to remain in good academic standing, submitted a written statement arguing for reinstatement, and appeared before the Academic Rules Committee, which denied her petition for reinstatement. This document establishes as a

matter of law that the plaintiff received all the process she was due. Moreover, the plaintiff has not alleged that the decision to dismiss her was "clearly arbitrary or capricious" as would be necessary to state a substantive due process claim (assuming that such a claim is ever viable). See id. at 91-92. I note that this is not merely a failure to recite the words arbitrary and capricious; none of the facts alleged in the complaint would support a finding of arbitrary or capricious action by the school. The § 1983 claim will be dismissed with prejudice.

The plaintiff also has alleged state-law claims of breach of contract and unjust enrichment but has failed to state a cause of action under either theory. With regard to the contract claim, the plaintiff has not alleged whether the defendant is a public or private university (a separate question from whether the defendant is a state actor). If Pennsylvania State University is a public university, then the plaintiff cannot state a contract claim pursuant to a university handbook. See Tran v. State Sys. of Higher Educ., 986 A.2d 179, 182-83 (Pa. Commw. Ct. 2009). If the defendant is a private institution, then the claim is treated as any other for breach of contract, Reardon v. Allegheny Coll., 926 A.2d 477, 481 (Pa. Super. Ct. 2007), requiring the plaintiff to allege: 1) the existence of a contract and its terms; 2) a breach of the duty imposed by the contract; and 3) damages that resulted. CoreStates Bank v.

3

Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). The plaintiff does not identify in the complaint the provisions of the handbook that the defendant allegedly breached, but in her response to the Motion to Dismiss, the plaintiff cites to a provision of the student handbook that states that the Academic Rules Committee "shall seek from each faculty member an evaluation of the performance and potential as a law student of each petitioner." Because it is possible that the plaintiff may be able to allege a viable claim for breach of contract, the plaintiff will be given an opportunity to amend her complaint to allege whether the defendant is a private or public university, and if the former, to allege specifically the terms of the contract in dispute, the defendant's breach thereof, and the harm that resulted.

The unjust enrichment claim fails as a matter of law. The plaintiff alleges that the defendant was unjustly enriched by accepting the plaintiff's tuition and unfairly terminating her. But the plaintiff does not allege that the defendant failed to hold the classes for which she paid her tuition or that she was prevented from attending such classes. Under these circumstances, the plaintiff cannot allege facts to support a claim of unjust enrichment. This claim will be dismissed with prejudice.

In short, the § 1983 claim and the claim for unjust enrichment are dismissed with prejudice, as any amendment would be futile. The breach of contract claim is dismissed without prejudice, with leave to amend, provided that the plaintiff is able to allege that the amount in controversy exceeds the jurisdictional limit for diversity cases of $75,000. If the plaintiff cannot so allege, then the dismissal is without prejudice to the plaintiff filing an action in the appropriate state court.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,    Sr. J.